# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MILLER, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TJX COMPANIES, INC., | : | No. 19-252 |
|     Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                         March 12, 2019

William Miller alleges that, while shopping at the mall, a security guard or employee of TJX Companies, Inc., assaulted him. He asserts five state law claims against TJX. TJX now moves to dismiss four of those claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants in part and denies in part the motion to dismiss.

## I.     BACKGROUND

In February 2018, Miller was shopping in the Philadelphia Mills Mall's Home Goods Store, the premises of which TJX "owned, leased, maintained, rented, managed, or otherwise possessed." (Compl. ¶¶ 4, 6.) Miller alleges that he was seriously injured when a store security guard or employee hit him and threw him into a door. (*Id.* ¶¶ 5-7.) As a result of the incident, he sustained a "complete tear of [his] left rotator cuff, left bicep subluxation, joint effusion, impingement syndrome left shoulder, and strain and sprain of [his] left shoulder, which required operative treatment." (*Id.* ¶ 8.) At the time of the incident, the security guard or employee was allegedly acting "within the course and scope of [his] agency and/or employment relationship" with TJX. (*Id.* ¶ 9.)

Miller sued TJX in the Philadelphia Court of Common Pleas, asserting five claims: negligence, corporate negligence, assault and battery, intentional infliction of emotional distress,

and punitive damages. TJX removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and then moved to dismiss all but the negligence claim for failure to state a claim.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Federal Rules do not impose a probability requirement at the pleading stage, a complaint must contain sufficient "facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). If the Court can infer only "the mere possibility of misconduct," the complaint must be dismissed because it has failed to show that the plaintiff is entitled to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## III. DISCUSSION

### A. Corporate Negligence

Miller asserts a claim for "corporate negligence," a form of direct liability, separately from his claim for negligence under a vicarious liability theory. In his Complaint, Miller states that TJX continually engaged in negligent conduct by allowing security guards and employees "to assault . . . [and] threaten its patrons" and by failing "to conduct proper oversight of abuse . . . [or] to [sic] adequately supervise" the store. (Compl. ¶ 23.) TJX has moved to dismiss this claim because, it argues, claims for corporate negligence in Pennsylvania are only legally cognizable in cases involving care provided by hospitals and other healthcare corporations. (Def.'s Mem. of Law in

Supp. of Mot. to Dismiss [Def.'s Br.] at 22.) Aside from these specific entities, TJX "is unaware of Pennsylvania case law holding a corporation *directly* liable for alleged corporate negligence of its own, as opposed to *vicariously* for the alleged negligence of its employees or agents, and [Miller] has cited none." (*Id.*)

Miller's position relies on the Pennsylvania Supreme Court's decision in *Scampone v. Highland Park Care Center, LLC*. 57 A.3d 582, 596-99 (Pa. 2012). In that case, the court recognized that "a corporation may also owe duties of care directly to a plaintiff, separate from those of its individual agents, such as duties to maintain safe facilities, and to hire and oversee competent staff." *Id.* At 598. Furthermore, the fact that "a corporation acts through its agents has not been held to be a fatal impediment to haling a corporation into court on direct liability tort claims." *Id.*

While the Court agrees with Miller that, as a general matter, a corporation can be held directly liable for negligence, it does not find that Miller has alleged facts that meet the pleading requirements under *Twombly* and *Iqbal* to support such a claim in this case. Here, the only factual allegations relate to the actions of the security guard at TJX's store. Other than conclusory statements that TJX allowed its agents to assault patrons and failed to properly supervise its stores, there are no factual allegations that make this claim plausible on its face. Without more, Miller has failed to adequately plead this claim and the Court will therefore dismiss it.

### B. Assault and Battery

Under Pennsylvania law, battery is "an unconsented touching that is either harmful or offensive." *Cooper v. Lankenau Hosp.*, 51 A.3d 183, 191 (Pa. 2012). An individual is liable for assault when she "intends to cause an imminent apprehension of a harmful or offensive bodily contact." *Sides v. Cleland*, 648 A.2d 793, 796 (Pa. Super. Ct. 1994). Vicarious liability may be

3

imposed on an employer when an employee commits wrongful acts "during the course of and within the scope of employment." *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 39 (Pa. Super. Ct. 2000). "This liability may extend even to intentional or criminal acts committed by the employee; however if the act is done for personal reason, or in an outrageous manner, it is not done within the scope of employment." *Id.* An employee's conduct falls "within the scope of employment" if: "(1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer." *Dillow v. Myers*, 916 A.2d 698, 700 n.4 (Pa. Super. Ct. 2007).

Here, TJX asserts that, as a corporation, it cannot be directly liable for assault and battery and that, to the extent Miller asserts his assault and battery claim for vicarious liability, he fails to meet the pleading requirements. (Def.'s Br. at 24-25.) Specifically, TJX argues that, because Miller does not allege "the reason for the alleged assault and battery, or whether the assault was committed for personal reasons," this count must be dismissed. (*Id.* at 25.)

Taking Miller's allegations as true, however, the Court finds that Miller has sufficiently pled a claim for assault and battery. Miller alleged that TJX's employee or security guard hit him and threw him into a door. This is plainly a "harmful or offensive contact" and demonstrates that the employee acted with an intent to cause this battery, satisfying the elements for assault. Given that the attacker was allegedly acting as a security guard on behalf of TJX, the Court finds that Miller's Complaint meets the four requirements for vicarious liability.

### C. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, a plaintiff must allege that the defendant "by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." Restatement (Second) of Torts § 46(1) (1965).[1] The Pennsylvania Supreme Court has noted that conduct must be "extreme or clearly outrageous" to support such a claim. *Hoy*, 720 A.2d at 753-54. "It has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." *Id.* at 754 (quoting Restatement (Second) of Torts § 46, cmt. d. (1965)).

TJX argues that the conduct alleged is not egregious enough to support a claim for intentional infliction of emotional distress and should, therefore, be dismissed. (Def.'s Br. at 28.) Here, Miller has alleged that being thrown against a door while he was lawfully shopping at the Defendant's store caused "shock to his system," "emotional upset and harm," and "severe emotional distress." (Compl. ¶¶ 8, 33.) While the standard for ultimately prevailing on such a claim is high, the plaintiff's factual allegations are sufficient to withstand dismissal at this early stage of the lawsuit.

### D. Punitive Damages

Under Pennsylvania law, punitive damages may be awarded "when the plaintiff has established that the defendant has acted in an outrageous fashion due to either the defendant's evil

---

[1] The Pennsylvania Supreme Court "has not expressly adopted section 46 of the Restatement." *Hoy v. Angelone*, 720 A.2d 745, 753 n.10 (Pa. 1998). Nonetheless, because that court has used it as guidance in assessing the contours of the tort, this Court will do the same. *See, e.g.*, *Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000); *Kazatsky v. King David Memorial Park, Inc.*, 527 A.2d 988, 989 (1987).

motive or his reckless indifference to the rights of others." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005). A plaintiff may be entitled to punitive damages when she adduces evidence showing that "the defendant's acts amounted to intentional, willful, wanton or reckless conduct." *Id.* Reckless indifference is characterized by conduct that "creates an unreasonable risk of physical harm to another [that is] substantially greater than that which is necessary to make his conduct negligent." *Id.*

The same standard applies for the imposition of punitive damages against a defendant for its agent's actions. *Achey v. Crete Carrier Corp.*, Civ. A. No. 07-3592, 2009 WL 9083282, at *10 (E.D. Pa. Mar. 30, 2002). "Under Pennsylvania law a principal may be held vicariously liable for the punitive damages of its agents if the actions of the agent were clearly outrageous, were committed during and within the scope of the agent's duties, and were done with the intent to further the principal's interests." *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 101 (3d Cir. 1993) (citing *Delahanty v. First Pa. Bank, N.A.*, 464 A.2d 1243, 1264 (Pa. Super. Ct. 1983)). Even when the principal has neither directed nor ratified the acts of its agents, a principal may be held vicariously liable for punitive damages. *See Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. Super. Ct. 1998), *appeal denied*, 729 A.2d 1130 (Pa. 1998).

Here, TJX moves to dismiss this claim because Miller's allegations do not constitute "extreme or outrageous" conduct. (Def.'s Br. at 30). In response, Miller argues that an assault and battery, intentional torts, can form the basis for punitive damages, depending on "the motive of the wrongdoer and the relations between the parties." (Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss at 11.) Without discovery, William argues that he "cannot know the motive or intent of the wrongdoer" and that his claim for punitive damages should therefore not be dismissed at this stage.

(*Id.*) The Court agrees with Miller that dismissal of the punitive damages claim is premature.[2] Miller has alleged that he was intentionally assaulted by the principal's agent within the scope of the agent's employment; accepting those facts as true, Miller could be entitled to punitive damages.

## IV.     CONCLUSION

For the reasons discussed above, the motion to dismiss is granted in part and denied in part. Because Miller has failed to state a claim for corporate negligence, that claim is dismissed. However, Miller may proceed against TJX on the remaining claims. An Order consistent with this Memorandum will be docketed separately.

---

[2] The Court recognizes that, under Pennsylvania law, a claim for punitive damages "does not constitute a cause of action in an[d] of itself." *Nix v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, 596 A.2d 1132, 1138 (Pa. Super. Ct. 1991). "Rather, a request for punitive damages is merely incidental to a cause of action." *Id.* (citing *Feingold v. SEPTA*, 517 A.2d 1270, 1276 (Pa. 1986)). In denying the motion to dismiss, the Court simply concludes that Miller may seek punitive damages as a remedy for the other substantive causes of action that remain in the case.